IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISA ANN CALDWELL<br>16200 West 126th Street<br>Olathe, KS  66062<br>          Plaintiff,<br><br>       v.<br><br>JOSEPH E. SCOGNA,  M.D.<br>1205 Newtown-Langhorne Rd<br>Suite 210<br>Langhorne, PA 19047<br>          and<br>NEUROSURGICAL ASSOCIATES, LTD.<br>1205 Newtown-Langhorne Rd<br>Suite 210<br>Langhorne, PA 19047<br><br>          Defendants | CIVIL ACTION<br><br><br>*No.:*<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

**I.   The Parties**

1.   Plaintiff, Lisa Ann Caldwell, (hereinafter referred to as "Ms. Caldwell"), is a resident of the state of Kansas and resides at 16200 West 126th Street, Olathe, KS 66062.

2.   Defendant Joseph E. Scogna, MD (hereinafter referred to as "Dr. Scogna") is a neurosurgeon licensed under the laws of the Commonwealth of Pennsylvania, who at all times pertinent hereto, has held himself out as a specialist in neurologic surgery.  Dr. Scogna maintains an office and place of business at 1205 Newtown-Langhorne Rd., Suite 210, Langhorne, PA 19047. Plaintiff is asserting a professional liability claim against this defendant.

3.   Defendant Neurosurgical Associates, Ltd. is, at all times pertinent hereto, a professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania to provide medical services to patients and, upon information and belief,

maintained an office and place of business at 1205 Newtown-Langhorne Rd., Suite 210, Langhorne, PA 19047. At all times pertinent hereto, defendant Dr. Scogna was an agent, servant, and/or employee of defendant Neurosurgical Associates, Ltd.  Plaintiff is asserting a professional liability claim against this defendant.

4. At all times pertinent hereto, defendant Dr. Scogna was engaged in the practice of medicine, pursuing the specialty of neurologic surgery, and was obliged to bring to bear in the practice of his profession the professional skill, knowledge, and care which he possessed and to pursue his profession in accordance with reasonably safe and acceptable standards of medicine in general, and neurologic surgery in particular.

5. At all times pertinent hereto, a physician-patient relationship existed between plaintiff and all defendants.

6. Plaintiff has complied with Pa. R.C.P. No. 1042.3, as evidenced by the Certificates of Merit attached hereto in Exhibit A.

## II.     Jurisdiction

7. This court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 pertaining to diversity of citizenship. The Plaintiff is a citizen and resident of the State of Kansas, whereas Defendants are citizens of the Commonwealth of Pennsylvania, and the amount in controversy exceeds the sum of $75,000.00 exclusive on interest and costs.

8. Venue is proper in this district because defendants regularly conduct business in this district and because the events giving rise to this action occurred within the Eastern District of Pennsylvania.

**III.     Factual Allegations**

9. On December 18, 2012, Ms. Caldwell was admitted to St. Mary Medical Center under the care of Dr. Scogna for the treatment of degenerative joint disease, spondylolisthesis L5-S1, spondylolysis L5, and herniated lumbar disc.

10. Ms. Caldwell was taken to the operating room where Dr. Scogna performed the following:

   a. Decompressive laminotomy L5-S1 bilaterally and discectomy L5-S1, right

   b. Posterior interbody fusion, L5-S1

   c. Posterior instrumented fusion, L5-S1

   d. Facet fusion L5-S1 bilaterally

11. Dr. Scogna performed the posterior instrumented fusion with an interspinous plate set and a bone spacer, and performed the facet fusions with TruFUSE plugs.

12. The instrumentation selected by defendant Dr. Scogna was specifically contraindicated for plaintiff's condition.

13. The package insert accompanying the instrumentation provides, under the heading of **"CONTRAINDICATIONS"**:

>  Incompetent or missing posterior arch (e.g., laminectomy, pars defect, severe osteoporosis).

14. Ms. Caldwell was discharged from the hospital on December 19, 2012.

15. Despite all efforts at therapy and rehabilitation, Ms. Caldwell continued to suffer severe lower back pain and radicular pain following the surgery performed by Dr. Scogna.

16. Follow-up radiology studies performed on or about March 26, 2013 revealed that the L5-S1 spondylolisthesis "due to spondylolysis that was well seen on the CT lumbar myelogram" was unchanged. Dr. Scogna offered no additional suggestions for Ms. Caldwell.

17. Frustrated with her lack of progress and improvement, and having relocated to the state of Kansas, Ms. Caldwell sought a second opinion at the Kansas City Veteran's Administration Medical Center with Christopher Meredith MD, a neurosurgeon.

18. Additional workup and evaluation was conducted by Dr. Meredith who noted that it was unclear to him "why somebody with bilateral pars fractures at L5, spondylolysis, and spondylolisthesis would have a spinous process clamp placed as the spinous process of L5 is quite clearly disconnected from the vertebral body at S1 and this clamp is not providing any structural support whatsoever."

19. Ms. Caldwell was further diagnosed as suffering from "right L5 and S1 radiculopathies, pseudoarthrosis, and inadequate fixation at L5-S1 for her spondylolytic spondylolisthesis."

20. Ms. Caldwell was admitted to the Kansas City VA Medical Center on December 19, 2014 where she underwent the following procedure by Dr. Meredith:

   a. Removal of L5-S1 posterior interspinous process fixation device.

   b. Gill laminectomy at L5

   c. L5-S1 posterior discectomy and intervertebral arthrodesis

   d. L5-S1 bilateral internal fixation with L5 and S1 pedicle screws and cross connector.

21. With treatment and therapy, Ms. Caldwell has improved somewhat; however, she remains unable to return to work at this time due to persistent radicular pain.

22. The need for Ms. Caldwell's second surgery at Kansas City VA Medical Center, and the persistence of her symptoms was caused by the failure of the Defendants to properly

diagnose her condition, to accurately review her pre-operative radiologic studies, and to properly choose appropriate hardware and procedures to treat her condition.

23. Defendant Neurosurgical Associates, Ltd. is vicariously liable for the actions defendant Joseph E. Scogna, MD.

24. Defendants undertook and assumed a duty to the plaintiff to render reasonable, proper, competent, adequate, and appropriate evaluation, care, advice, and services in connection with her condition, and to take appropriate measures to improve her condition and to avoid harm.

25. Plaintiff relied upon defendants' knowledge, expertise, care, and advice.

26. The carelessness and negligence of the defendants, as set forth above, increased the harm to Ms. Caldwell, delaying her treatment, increasing her pain and suffering, and exposing her to an unnecessary complex and painful surgical procedure.

27. As a substantial and proximate result of the carelessness and negligence of the defendants as set forth above, plaintiff Lisa Caldwell suffered injuries to her lumbar spine, including, but not limited to additional surgery, damage to the nerve roots and nerves of the lower back, which have resulted in great pain and suffering to date.

28. As a substantial and proximate result of the carelessness and negligence of the defendants as set forth above, plaintiff Lisa Caldwell suffered significant losses and damages including, inter alia, anxiety, fear, dread, pain, suffering, loss of life's pleasures, loss of well-being, and inability to engage in normal activities, duties, and avocations.

29. As a substantial and proximate result of the carelessness and negligence of the defendants as set forth above, plaintiff Lisa Caldwell sustained personal injuries and damages all or some of which may be permanent, including the following:

    a. Severe and debilitating back pain;

  b. Lower extremity weakness, numbness, and pain

  c. Past pain and suffering;

  d. Future pain and suffering;

  e. Past medical expenses;

  f. Future medical expenses;

  g. Past and future mental anguish;

  h. Past and future loss of earnings and earning capacity and other economic losses;

  i. Past and future loss of life's pleasures;

  j. Humiliation and embarrassment;

  k. Incidental and other expenses;

  l. Such other ills and injuries which will be set forth and more fully described as this lawsuit continues.

## COUNT I – NEGLIGENCE
### LISA ANN CALDWELL v. JOSEPH E. SCOGNA, M.D., NEUROLOGICAL ASSOCIATES, LTD., AND ST. MARY MEDICAL CENTER

30. The preceding paragraphs are incorporated herein as if fully set forth at length.

31. Plaintiff's injuries were caused by the negligence and carelessness of defendant, Joseph E. Scogna, M.D., in the following particular respects:

  a. Failing to recognize L5 spondylolytic spondylolithesis as documented on CT scan of August 3, 2012, described clearly as "bilateral chronic appearing L5 pars interarticularis defects with minimal grade 1 anterolisthesis of L5 on S1."

      b.      Failing to properly understand the anatomic, physiologic, and mechanical features associated with spondylolytic spondylolisthesis.

      c.      Failing to properly choose appropriate fixation hardware for treatment of spondylolytic spondylolisthesis.

      d.      Failing to properly consider and heed contraindications to use of a posterior interspinous fixation device posted by the manufacturer, which specifically states that the device should not be used with an "incompetent or missing posterior arch (e.g. laminectomy, pars defect, severe osteoporosis)."

      e.      Failing to properly implant appropriate fixation hardware for the treatment of L5 spondylolytic spondylolisthesis.

      f.      Failing to properly diagnose and treat L5 spondylolytic spondylolisthesis with appropriate and acceptable techniques, devices, and procedures.

Defendant Neurosurgical Associates, Ltd. is vicariously responsible for the negligent acts and omissions of Dr. Scogna, who at all times acted as their agent, employee, and/or servant.

**WHEREFORE,** plaintiff demands of defendants Joseph E. Scogna, M.D. and Neurosurgical Associates, Ltd. a sum in excess of jurisdictional limits for diversity jurisdiction, plus interests, costs, and damages for prejudgment delay.

                                    FELDMAN, SHEPHERD, WOHLGELERNTER,
                                    TANNER, WEINSTOCK, & DODIG, LLP

                        BY: _____
                                  MARK W. TANNER, ESQ.
                                  EVAN Y LIU, MD, JD

Dated:  12/3/2014                                    Attorneys for Plaintiff

# EXHIBIT "A"

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA ANN CALDWELL<br>16200 West 126th Street<br>Olathe, KS  66062<br>          Plaintiff,<br><br>                    v.<br><br>JOSEPH E. SCOGNA,  M.D.<br>1205 Newtown-Langhorne Rd<br>Suite 210<br>Langhorne, PA 19047<br>                    and<br>NEUROSURGICAL ASSOCIATES, LTD.<br>1205 Newtown-Langhorne Rd<br>Suite 210<br>Langhorne, PA 19047<br><br>          Defendants | CIVIL ACTION<br><br><br>*No.:*<br><br><br>**JURY TRIAL DEMANDED** |

## **CERTIFICATE OF MERIT AS TO JOSEPH E. SCOGNA, M.D.**

I, Evan Y. Liu, Esquire, certify that:
   (Attorney or Party)

☐     an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

■     the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date:   December 3, 2014

_____
EVAN Y. LIU
Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LISA ANN CALDWELL<br>16200 West 126th Street<br>Olathe, KS 66062<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOSEPH E. SCOGNA, M.D.<br>1205 Newtown-Langhorne Rd<br>Suite 210<br>Langhorne, PA 19047<br>　　　　and<br>NEUROSURGICAL ASSOCIATES, LTD.<br>1205 Newtown-Langhorne Rd<br>Suite 210<br>Langhorne, PA 19047<br><br>　　　　Defendants | **CIVIL ACTION**<br><br>*No.:*<br><br>**JURY TRIAL DEMANDED** |

- **CERTIFICATE OF MERIT AS TO NEUROSURGICAL ASSOCIATES, LTD.**

I, Evan Y. Liu, Esquire, certify that:
　(Attorney or Party)

☐　an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

■　the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

11

☐ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date:   December 3, 2014

EVAN Y. LIU
Attorney for Plaintiff